1  Rory C. Quintana (SBN 258747)
   QUINTANA HANAFI, LLP
2  870 Market St., Ste. 1115
   San Francisco, CA 94102
3  Telephone: (415) 504-3121
   Fax: (415) 233-8770
4  rory@qhplaw.com

5  *Attorney for Plaintiff Sahar Zardkoohi*

6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  **SAHAR ZARDKOOHI,** an individual,        CASE NO.:

11              Plaintiff,                       **COMPLAINT FOR DAMAGES FOR;**
                                                 **RETALIATION IN VIOLATION OF**
12         v.                                    **PUBLIC POLICY; VIOLATIONS OF**
                                                 **FAMILY MEDICAL LEAVE ACT; AND**
13  **CREDO SEMICONDUCTOR, INC.**, a            **WRONGFUL TERMINATION IN**
    California corporation; and **DOES 1 through** **VIOLATION OF PUBLIC POLICY.**
14  **10**, inclusive,

15              Defendants.                      DEMAND FOR JURY TRIAL

16

17

18         Plaintiff SAHAR ZARDKOOHI (herein "Plaintiff" or "Zardkoohi"), for claims for relief

19  against Defendants CREDO SEMICONDUCTOR, INC. (herein "Credo" or "Defendant")

20  alleges:

21                         **NATURE OF THIS ACTION**

22         1.     This is an action for relief from Defendants' violations of the California Fair

23  Employment and Housing Act (herein "the FEHA"), the Family Medical Leave Act (herein "the

24  FMLA") and for Defendant's wrongful termination of Plaintiff in violation of public policy.

25         2.     Plaintiff is an individual who was eligible for FMLA leave and had taken FMLA

26  leave. Defendants terminated Plaintiff rather than allow her to return from FMLA leave.

27

28

COMPLAINT FOR DAMAGES

1    3.      Plaintiff seeks compensatory, liquidated, general and punitive damages,

2    reasonable attorneys' fees and costs, as well as other appropriate relief as determined by this

3    court, for Defendants' violations of her rights.

4                    **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

5    4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

6    1367.

7    5.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §

8    1391(b), because the events giving rise to Plaintiff's claims occurred in this District.

9    6.      Pursuant to Northern District Local Rule 3-2 (c) & (e) this action should be

10   assigned to San Jose, California, as the actions giving rise to Plaintiff's claims took place in

11   Santa Clara County.

12                                           **PARTIES**

13   7.      Plaintiff is a U.S. citizen and a resident of Santa Clara County in this judicial

14   district.

15   8.      Plaintiff was a person with a disability under the FEHA; to wit, on or about

16   November 11, 2019, Plaintiff informed Defendant she had been diagnosed with Bipolar 2

17   disorder.

18   9.      Plaintiff is an adult female, aged 37 years old.

19   10.     Plaintiff began working for Defendant in or around July, 2018.

20   11.     At the time of her termination, Plaintiff was an otherwise qualified person within

21   the meaning of the FEHA. At all relevant times, Plaintiff was an employee as defined under

22   California Government Code section 12926(c).

23   12.     Plaintiff worked for Defendants in excess of one year, and in excess of 1,250

24   hours in the year immediately prior to November 2019.

25   13.     Plaintiff went on FMLA leave beginning November 20, 2019 with a return to

26   work scheduled for January 2, 2020.

27   14.     Plaintiff is informed and believes and based thereon alleges that Defendant is a

28   California corporation, with its principle headquarters at 1600 Technology Drive, 5th Floor, San

COMPLAINT FOR DAMAGES

Jose, California. Plaintiff is informed and believes and based thereon alleges that Defendant is registered to do business in California, Corporation Number C3739594.  At all relevant times, Defendant was an employer as defined under Government Code section 12926(d).

15.     Plaintiff is informed and believes and based thereon alleges that Defendant is an employer as defined by 29 C.F.R. §825.104, as it is engaged in commerce or activity affecting commerce and employs 50 or more employees.

16.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10 and therefore sue those Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of those fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

17.     Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were, at all times relevant to this action, the agents, employees, representing partners, supervisors, managing agents, joint venturers, joint employers of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.  Defendants are sued both in their own right and on the basis of *respondeat superior*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.     On February 5, 2020, Plaintiff properly notified the Department of Fair Employment and Housing of her intent to sue Defendant and has received a "right-to-sue notice" prior to filing this complaint.  A true and correct copy of Plaintiff's "right-to-sue notice" is attached hereto as Exhibit A.

## FACTS COMMON TO ALL CAUSES OF ACTION

19.      Plaintiff began working for Defendant in or around July 2018, as the Manager of People and Business Operations.  In this role, Plaintiff was the primary person responsible for human resources within the company.

COMPLAINT FOR DAMAGES

1    20.    On or about November 1, 2019, Plaintiff was diagnosed with Bipolar 2 disorder.

2    21.    On or about November 7, 2019, Plaintiff met with an employee and his manager

3    to write up the employee based on advice from Defendant's assigned ADP HR Business Partner.

4    During the meeting the employee and his manager became upset with Plaintiff.  The stress from

5    this incident caused Plaintiff to have chest pain that radiated down her left arm and shoulder.

6    Plaintiff went to urgent care and was diagnosed with a panic attack because of stress at work.

7    22.    On or about November 11, 2019, Plaintiff met with Defendant's CEO William

8    Brennan to discuss the November 7, 2019 incident.  At the start of this meeting, Plaintiff

9    disclosed to Mr. Brennan that she had been diagnosed with Bipolar 2 disorder.  Plaintiff further

10    informed Mr. Brennan the steps she was taking to maintain a high level of mental health.  During

11    this same meeting Plaintiff also informed Mr. Brennan that she felt it important for Defendant to

12    hire a VP of Human Resources or at the very least a high-level Human Resources consultant.

13    Mr. Brennan stated that the company was not ready for such a hire and further denied the hiring

14    of an HR consultant.  As an alternative, Plaintiff suggested that she report to Dan Fleming,

15    Defendant's Chief Financial Officer in order to have a buffer with some employees like the VP

16    of Worldwide Sales who might respond better to someone at a higher level. Mr. Brennan stated

17    that he would speak to Mr. Fleming and get back to Plaintiff.

18    23.    Following Plaintiff's meeting with Mr. Brennan, Plaintiff met with Defendant's

19    General Counsel, Adam Thorngate-Gottlund, and disclosed her Bipolar 2 diagnosis.

20    24.    On or about November 17, 2019, Plaintiff noted that on a shared calendar there

21    was a meeting scheduled between Mr. Thorngate-Gottlund and an employment attorney with

22    whom Defendant consulted.  Plaintiff found it strange that she was not included in a meeting

23    with outside employment counsel as that had been the practice for previous employee/legal

24    issues.

25    25.    On or about November 19, 2019, Plaintiff met with Mr. Thorngate-Gottlund and

26    asked about the calls on the shared calendar and whether there was anything she should be

27    looped into.  Mr. Thorngate-Gottlund responded by not discussing the context of the calls and

28    stating that he thought, "we agreed to keep you out of sensitive employee matters." Plaintiff

4

COMPLAINT FOR DAMAGES

1  informed Mr. Thorngate-Gottlund that this had not been communicated to her and that there had

2  been no follow-up to her November 11, 2019 meeting with Mr. Brennan.  Plaintiff informed Mr.

3  Thorngate-Gottlund that seeing these calls on the calendar immediately after she disclosed her

4  illness made her uncomfortable.  Mr. Thorngate-Gottlund responded that Plaintiff had no reason

5  to be worried about her job at this time. Based on stress that she felt from this interaction,

6  Plaintiff began to feel symptoms similar to the panic attack she had the prior week.  Plaintiff let

7  her Executive Assistant know she wasn't feeling well and that she would work the remainder of

8  the day from home.  Once home, Plaintiff had a panic attack and scheduled an appointment with

9  her therapist. Later that afternoon, Plaintiff wrote an email to Mr. Thorngate-Gottlund following

10  up on their conversation.

11          26.     On or about November 20, 2019, Plaintiff was asked to meet with Mr. Fleming.

12  Plaintiff was still not feeling well and was working from home and thus set up a phone call.

13  During the call with Mr. Fleming he informed Plaintiff that she was now reporting to him.

14  Plaintiff stated that she was happy for this reporting change. Plaintiff then asked about the calls

15  Mr. Thornburg-Gottlund had with the employment lawyer, and Mr. Fleming stated that the calls

16  were about her and more specifically that Defendant had contacted legal counsel to understand

17  what their legal responsibilities were regarding Plaintiff's Bipolar 2 diagnosis.  Plaintiff

18  informed Mr. Fleming she felt this was unusual because her diagnosis did not have an impact on

19  her work.  Plaintiff explained that this action made her uncomfortable and that perhaps they

20  should have a different conversation since she felt the company did not have her best interests in

21  mind.  Mr. Fleming stated he did not want to lose Plaintiff and that they should speak in person.

22          27.     Less than 10 minutes after Plaintiff's call with Mr. Fleming, she was contacted by

23  Mr. Brennan who began the call by stating he was sorry she was, "feeling so emotional."

24  Plaintiff explained she was not being emotional but rather she was confused.  Mr. Brennan then

25  confirmed that the personnel calls were about her and Plaintiff responded that she felt betrayed

26  and confused as she was still able to do her work.  Mr. Brennan told Plaintiff they should speak

27  in person and for her to work from home for the remainder of the week.

28

COMPLAINT FOR DAMAGES

1    28.    On November 22, 2019, Plaintiff received an email from Mr. Thorngate-Gottlund

2  asking what the timeline was for her to exit the company.  Again, Plaintiff was confused because

3  there had been no decision regarding her leaving the company. Based on this email and the calls

4  with Mr. Fleming and Mr. Brennan, Plaintiff had a panic attack and once more visited her doctor

5  who placed Plaintiff on leave retroactive toNovember 20, 2019.

6    29.    On December 6, 2019, Defendant confirmed Plaintiff's leave, designating it as

7  FMLA leave beginning November 20, 2019.

8    30.    On December 11, 2019, Defendant sent Plaintiff FMLA paperwork along with a

9  box to return her laptop.

10    31.    On December 13, 2019, Defendant received Plaintiff's laptop and deleted

11  Plaintiff's work Dropbox account which contained all of the HR files she managed.  That same

12  day Plaintiff received FMLA paperwork from her doctor which extended her leave until January

13  2, 2020.

14    32.    On December 17, 2019, Plaintiff informed Defendant she would return to work at

15  the end of her leave.

16    33.    On December 19, 2019, having not received a response to her communication

17  informing Defendant she would be returning to work at the end of her leave, Plaintiff sent a

18  follow up communication.  In response, Defendant informed Plaintiff that she would need to

19  complete a return to work certification, which purportedly had been included in the original

20  FMLA paperwork.  Plaintiff did not have the return to work paperwork and asked that it be sent

21  again.

22    34.    On December 20, 2019, Plaintiff was informed she needed to pay the balance of

23  her group medical insurance benefits since she was on unpaid leave.

24    35.    On December 28, 2019, Plaintiff received an email from Defendant stating that

25  they had not received the return to work certification.  Plaintiff informed Defendant that her

26  doctor was out of the office and the earliest appointment she could have would be January 6,

27  2020.

28

COMPLAINT FOR DAMAGES

1    36.    On December 31, 2019, Defendant stated that it had no obligation to reinstate

2    Plaintiff absent the return to work certification.  Additionally, Defendant informed Plaintiff that

3    once she was placed on unpaid leave, she should have paid her group medical insurance and that

4    once Plaintiff was notified of a past-due amount she had 15 days to resolve the issue or her

5    benefits would be terminated.  Defendant stated that if the balance was not paid by January 4,

6    2020, the benefits would be terminated.

7    37.    On December 31, 2019, Plaintiff responded to Defendant and informed it that a

8    check had been sent for the health insurance premium.  She also confirmed that she was able to

9    get an earlier appointment with her doctor.

10    38.    On January 2, 2020, Plaintiff met with her doctor and determined that she could

11    return to work without accommodations.  Plaintiff's doctor provided her a full medical release to

12    return to work without accommodations on January 3, 2020.

13    39.    On January 2, 2020, Plaintiff emailed Defendant and provided a copy of the

14    return to work certification along with confirmation that her health insurance premium had been

15    delivered.  Plaintiff stated that she would return to work the following day at 8am and asked who

16    she should speak to about her badge and laptop.

17    40.    On January 2, 2019, Defendant emailed Plaintiff and informed her that she would

18    not be allowed to return to work on January 3.

19    41.    In response to Defendant's email, Plaintiff sent an email stating that she had

20    conferred with the Department of Labor and that it was her understanding that Defendant cannot

21    deny her return to work and would be liable for lost wages as a result of denying the return to

22    work.  Plaintiff pointed out that Defendant had previously indicated that Defendant could not

23    allow her to return to work without reviewing accommodations and receiving a return to work

24    certification. Now that she had provided the certification paperwork clarifying that she no longer

25    had accommodations to review, there was no reason to prevent her return to work. Defendant did

26    not respond to this communication. Plaintiff stated in conclusion that, "[i]t doesn't seem Credo is

27    trying to engage in good faith about my return to work, and in fact comes across as trying to find

28

7

COMPLAINT FOR DAMAGES

any way to deter my return.  I'm willing, able, and ready to return, and I'd appreciate a mutual level of willingness to engage in – rather than inhibit – my path to return."

42.   On January 7, 2020, Plaintiff wrote Defendant and stated that she had again spoken with the Department of Labor and confirmed that Defendant was required to reinstate her on the date of her full medical release. She thereafter stated that she planned to return to work at 9am the next day, January 8, 2020.

43.    Later that same day Plaintiff received an email from Mr. Brennan with an attached termination communication, which contained the following assertions:

a.  based on the fact that Plaintiff had provided paperwork stating she no longer needed accommodations, Mr. Brennan stated that, "[i]n light of this documentation, Credo is of the belief that you do not at this time have a serious medical condition requiring FMLA leave and that you do not have a disability. We are happy that you are feeling better."

b.  Mr. Brennan then stated that he had, "considered [her] recent behavior since you have been cleared to work and determined that you have not conducted yourself in the manner that I would expect of a Credo Human Resources professional." This conduct allegedly included: (1) "delay and obfuscation about paying for your benefits;" (2) "accusing Credo of bad faith for our application of handbook policies to you;" and (3) "demanding that you be allowed to return to work at times that were not reasonable based on business needs."

## FIRST CAUSE OF ACTION
### Retaliation in Violation of Public Policy
### (Cal. Gov't. Code §§ 12940, Labor Code § 1102.5, 29 U.S.C. § 2615)

44.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

45.   At all times relevant to this Complaint, California Government Code §§ 12940, and the corresponding Code of California Regulations were in full force and effect and were binding on Defendant.  These sections, inter alia, require Defendants to refrain from retaliating against and/or interfering with employees who exercise their rights related to disability protections.

COMPLAINT FOR DAMAGES

1        46.     Plaintiff exercised her rights related to disability protections after she informed

2 Defendant of her disabilities, both Bipolar disorder and mental stress issues, and in taking leave

3 for medical reasons.  Defendant refused to reinstate Plaintiff to the position she had prior to her

4 leave.

5        47.     At all times relevant to this Complaint, California Labor Code § 1102.5 was in

6 full force and effect and was binding on Defendant.  This section requires Defendant to refrain

7 from retaliating against employees who complained about violations of the law.

8        48.     Plaintiff complained that Defendant was not acting in good faith or in accordance

9 with relevant laws as it related to her return to work.  Defendant expressly stated that one of the

10 reasons it was terminating her employment was because Plaintiff, "accus[ed] Credo of bad faith.

11 . ."

12        49.     At all times relevant to this Complaint, 29 U.S.C. § 2615 was in full force and

13 effect and was binding on Defendant.  This section requires Defendant to refrain from retaliating

14 against an employee who opposes any practice made unlawful in the FMLA.

15        50.     Plaintiff complained that she was not being allowed to return to work and stated

16 that she had spoken to the Department of Labor who informed her that she had a right to return

17 to work.  Defendant expressly stated that it was terminating her in part because she, "demand[ed]

18 that [she] be allowed to return to work at times that were not reasonable based on business

19 needs."

20        51.     As a proximate result of Defendant's actions, described in the general allegations,

21 Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money

22 Plaintiff would have received had she not been discriminated against, which actions resulted in

23 her unlawful termination.

24        52.     As a further proximate result of Defendant's actions, Plaintiff has been harmed in

25 that Plaintiff has suffered humiliation, mental anguish, and emotional distress in an amount to be

26 established at trial.

27

28

COMPLAINT FOR DAMAGES

53.     Plaintiff further alleges that Defendant, and each of them, acted with fraud, oppression and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendant.

54.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth below.

### SECOND CAUSE OF ACTION
### Interference with FMLA Rights
### (29 U.S.C. §§2601-2619; 29 U.S.C. §§ 2651-2654)

55.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

56.     The FMLA, 29 U.S.C. §§ 2601-2619; 29 U.S.C. §§ 2651-2654, provides unpaid job-protected leave for eligible employees for numerous reasons, including for mental and emotional health reasons.

57.     29 U.S.C. § 2615(a), makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise FMLA rights.

58.     Pursuant to her rights under the FMLA, Plaintiff took protected leave from November 20, 2019 through January 2, 2020.

59.     Defendant refused to allow Plaintiff to return to work and instead terminated her employment.

60.     By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute this action.  Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

61.     As a result of Defendant's violations of the FMLA, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

62.     In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay, liquidated damages, compensatory and punitive damages, pre and post judgment interest, and all other relief available under the statutes.

///

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**
**Discrimination in Violation of FMLA**
**(29 U.S.C. §§2601-2619; 29 U.S.C. §§ 2651-2654)**

63.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

64.     29 U.S.C. § 2615(a)(2) makes it unlawful for an employer to discharge or in any other manner discriminate against any individual for taking FMLA leave.

65.     Plaintiff was prepared to and received medical documentation providing for her return to work without further accommodation on January 3, 2020.

66.     Defendant refused to allow Plaintiff to return to work following her leave and terminated her employment on January 7, 2020.

67.     By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute this action.  Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

68.     As a result of Defendant's violations of the FMLA, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

69.     In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay, liquidated damages, compensatory and punitive damages, pre and post judgment interest, and all other relief available under the statutes.

**FOURTH CLAIM FOR RELIEF**
**Wrongful Discharge in Violation of Public Policy**

70.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

71.     It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's disability.

72.     It is the policy of the State of California to prevent employers from retaliating against employees who complain about violations of the law.

COMPLAINT FOR DAMAGES

73.     It is the policy of the United States to prevent employers from interfering with an employee's rights under the FMLA.

74.     It is the policy of the United States to prevent employers from discriminating and retaliating against an employee for taking leave pursuant to the FMLA.

75.     Plaintiff's disability, FMLA leave, and complaints about returning to work were all motivating factors in Defendant's decision to terminate Plaintiff's employment.

76.     As a proximate result of Defendant's actions, described in the general allegations, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had she not been discriminated against, which actions resulted in her unlawful termination.

77.     As a further proximate result of Defendant's actions, Plaintiff has been harmed in that Plaintiff has suffered mental anguish and emotional distress in an amount to be established at trial.

78.     Plaintiff further alleges that Defendant acted with fraud, oppression and malice thus entitling Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendant and each of them.

79.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth below.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this court:

1.     Order Defendant to pay Plaintiff for the wages, salary, employment benefits, pension benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law, in an amount to be proven at trial;

2.     Order Defendant to pay Plaintiff compensatory damages for Plaintiff's emotional pain and suffering.

3.     Order Defendant to pay Plaintiff exemplary damages;

4.     Order Defendant to pay Plaintiff liquidated damages;

COMPLAINT FOR DAMAGES

1       4.      Order Defendant to pay Plaintiff reasonable attorneys' fees, reasonable expert

2   witness fees, and other costs of the action;

3       5.      Order Defendant to pay Plaintiff interest on such damages as are appropriate,

4   including pre- and post-judgment interest; and

5       6.      Grant such other and further relief as this court may deem proper and just.

6   **JURY DEMAND**

7   Plaintiff demands trial by jury of all claims and causes of action so triable.

8

9   Dated: February 10, 2020                 Respectfully submitted,

10                           QUINTANA HANAFI, LLP

11

12                           By:_____

13                           Rory C. Quintana
                             *Attorney for Plaintiff Sahar Zardkoohi*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

# EXHIBIT A

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 5, 2020

Sahar Zardkoohi
3512 La Terrace Circle
San Jose, California 95123

RE:   **Notice to Complainant**
       DFEH Matter Number: 202002-09154205
       Right to Sue: Zardkoohi / Credo Semiconductor Inc.

Dear Sahar Zardkoohi:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                         KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 5, 2020

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202002-09154205
        Right to Sue: Zardkoohi / Credo Semiconductor Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 5, 2020

Sahar Zardkoohi
3512 La Terrace Circle
San Jose, California 95123

RE:     **Notice of Case Closure and Right to Sue**
          DFEH Matter Number: 202002-09154205
          Right to Sue: Zardkoohi / Credo Semiconductor Inc.

Dear Sahar Zardkoohi,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 5, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Sahar Zardkoohi                                        DFEH No. 202002-09154205

                               Complainant,

vs.

Credo Semiconductor Inc.
1600 Technology Drive, 5th Floor
San Jose, California 95110

                               Respondents
_____

1. Respondent **Credo Semiconductor Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Sahar Zardkoohi**, resides in the City of **San Jose** State of **California.**

3. Complainant alleges that on or about **January 7, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** In November 2019, I was diagnosed with Bipolar 2 disorder.  Within days of my diagnosis I informed the CEO of Credo and the General Counsel.  Thereafter and despite me not requesting an accommodation of any sort

-1-
*Complaint – DFEH No. 202002-09154205*

Date Filed: February 5, 2020

1  the General Counsel met with outside counsel to discuss what they should do with
2  my diagnosis.  Upon learning of this and being told that my job was not at risk "at
   this time" I had a panic attack and ultimately had to take leave for emotional and
3  mental health reasons.  I was scheduled to return from leave on or about January 2,
   2020 but was prevented from doing so. Ultimately, and despite being cleared to
4  return to work by my doctor I was terminated on January 7, 2020 after complaining
   about their refusal to allow me to return to work.  In addition to the discrimination I
5  endured, I was also the only woman on a leadership team of men and was often
   placed in a position where I was confronted with gender biased commentary.  This
6  included being ignored, being spoken down to, and being told that I was being
7  "emotional".  I never saw my male counterparts in leadership treated this way.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
-2-
*Complaint – DFEH No. 202002-09154205*
28
Date Filed: February 5, 2020

1  VERIFICATION

2  I, **Rory Quintana**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On February 5, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                              **Oakland, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                                    -3-
                                        *Complaint – DFEH No. 202002-09154205*
28
   Date Filed: February 5, 2020